## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE,** for herself and others similarly situated, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. 2:22-01155-KBH |
| | : |
| v. | : |
| | : |
| **NYCOLE MACKLIN; SCOTT A. PETRI, II; DENNIS G. WELDON, JR; PHILADELPHIA PARKING AUTHORITY; MICHAEL GIUNTA; CITY OF PHILADELPHIA; JOHN DOE NO. 1; JOHN DOE NO. 2; & OMIKA BARNES,** | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

### DEFENDANT, THE CITY OF PHILADELPHIA'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S SECOND AMENDED CLASS-ACTION COMPLAINT

Defendant, the City of Philadelphia (the "City")[1] responds to the Second Amended Class-Action Complaint (the "SAC") filed by Plaintiff, Dolly E. Ferebee ("Plaintiff") and raises affirmative defenses, as follows:

### Parties

1.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

2.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

3.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

---

[1]      The individually-named defendants employed by the City of Philadelphia, Michael Giunta and Omika Barnes, were dismissed with prejudice from this action pursuant to an Order of the Court, dated June 27, 2023 (ECF No. 38).

4.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

5.      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

6.      Admitted in part, denied in part.  It is admitted only that the Bureau of Administrative Adjudication ("BAA") part of the government of the City of Philadelphia, Pennsylvania.  By way of further response, Mr. Giunta was dismissed from this case by Court Order, dated June 27, 2023 (ECF No. 38).  The remaining allegations in this paragraph constitute conclusions of law and are, therefore, denied.

7.      Admitted.

8.      Admitted.

9.      Admitted.  By way of further response, Ms. Barnes was dismissed from this case by Court Order, dated June 27, 2023 (ECF No. 38).

10.      Admitted in part, denied in part.  It is admitted only that Ms. Barnes is not an attorney.  The remaining allegations in this paragraph constitute conclusions of law and are, therefore, denied.

11.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

12.      Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  By way of further response, Plaintiff cannot maintain a claim against any "one or more employees of the City of Philadelphia responsible for adjudicating liability on parking tickets or demanding payment for parking tickets in connection with impounded vehicles" pursuant to prior orders of this Court.

13.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  By way of further response, all individual defendants were dismissed from this case pursuant to an Order of this Court, dated June 27, 2023 (ECF No. 38).

## Background

14.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

15.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-1 is a writing that speaks for itself, and the characterizations of such are denied.

16.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

17.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

18.     Admitted.

19.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

20.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further,

Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

21.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

22.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

23.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

24.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

25.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

26.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

27.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

28.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

29.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Finally, Plaintiff's Exhibit P-1 is a writing that speaks for itself, and the characterizations of such are denied.

30.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Finally, Plaintiff's Exhibit P-1 is a writing that speaks for itself, and the characterizations of such are denied.

31.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

32.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

33.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Finally,

Plaintiff's Exhibit P-3 is a writing that speaks for itself, and the characterizations of such are denied.

34.     Admitted in part, denied in part.  The City admits only that there is an audio recording of a February 13, 2020 hearing.  The remaining allegations of this paragraph are denied.  Specifically, the City is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies same.  Further, the remaining allegations in this paragraph constitute conclusions of law and are, therefore, denied.

35.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

36.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

37.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

38.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

39.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

40.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

41.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

42.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Finally, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

43.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-4 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

44.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-4 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

45.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-4 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

46.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-4 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

47.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

48.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

49.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibits P-2 and P-4 are writings that speak for themselves,

and the characterizations of each are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

50.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-4 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

51.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code and regulation identified in this paragraph are writing that speaks for themselves, and the characterizations of such are denied

52.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

53.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Finally, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

54.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Finally,

Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

55.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

56.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-5 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

57.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

58.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

59.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

60.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

61.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

62.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

63.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

64.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-6 is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

65.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

66.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

67.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

68.    Denied.

69.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

70.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

71.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

72.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

73.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

74.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

75.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.

76.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the audio recording, the audio recording speaks for itself, and the characterizations of such are denied.

77.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the ordinances and regulations identified in this paragraph are writings that speak for themselves, and the characterizations of such are denied.

78.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

        a)     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

        b)     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

      c)      Denied.   By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph reference the purported "impoundment notice", such document is a writing that speaks for itself, and the characterizations of such are denied.

      d)      Denied.   By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

      e)      Denied.   By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, to the extent that the allegations of this paragraph reference a regulation, such document is a writing that speaks for itself, and the characterizations of such are denied.

79.      Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the regulations identified in this paragraph are writing that speak for themselves, and the characterizations of such are denied.

80.      Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

81.      Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  To the extent that the allegations of this paragraph recount the details contained within the "notices", such documents are writings that speak for themselves, and the characterizations of such are denied.

82.      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.   Further, to the extent that the allegations of this paragraph reference a

regulation, such document is a writing that speaks for itself, and the characterizations of such are denied.

83.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, to the extent that the allegations of this paragraph reference a regulation, such document is a writing that speaks for itself, and the characterizations of such are denied.

84.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

85.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

86.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

87.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Finally, Plaintiff's Exhibit P-7 is a writing that speaks for itself, and the characterizations of such are denied.

88.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

89.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

90.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

91.     Denied.  The City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.  Further, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

## Class Allegations

92.     Denied.  The allegations in this paragraph, including all of its subparts, constitute conclusions of law and are, therefore, denied.

93.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

94.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

95.     Denied.  The allegations in this paragraph, including all of its subparts, constitute conclusions of law and are, therefore, denied.  Further, the purported notices, codes, and regulations identified in this paragraph are writings that speak for themselves, and the characterizations of such are denied.

96.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

97.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

98.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

99.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

100.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

## **Count I**

101.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  The City incorporates its answers to paragraphs 1–100 as if set forth fully herein.

102.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

103.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

a)     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

i.     Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's

Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

  ii.  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.  Finally, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

  iii.  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

  iv.  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

b)  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, Plaintiff's Exhibit P-2 is a writing that speaks for itself, and the characterizations of such are denied.

  i.  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the City is without information or knowledge sufficient to form a belief as to

the truth of the allegations contained in this paragraph and, therefore, denies same.

  ii.  Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

104. Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

  a) Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

  b) Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

  c) Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the regulation identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

  d) Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

  e) Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this

paragraph is a writing that speaks for itself, and the characterizations of such are denied.

f)      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this paragraph is a writing that speak for itself, and the characterizations of such are denied.

g)      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

h)      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

i)      Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

105.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.

a)      Denied.   By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

b) Denied. By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

c) Denied. By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied. Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

d) Denied. By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied. Further, the content of the code identified in this paragraph is a writing that speaks for itself, and the characterizations of such are denied.

e) Denied. By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

106. Denied. The allegations in this paragraph constitute conclusions of law and are, therefore, denied. Further, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

107. Denied. By way of further response, the allegations in this paragraph constitute conclusions of law and are, therefore, denied.

WHEREFORE, the City respectfully requests that this Honorable Court dismiss this action with prejudice and enter judgment in favor of the City, with costs, and such other and further relief as this Honorable Court may deem just and proper.

## **Count II**

108. Denied. The allegations in this paragraph constitute conclusions of law and are, therefore, denied. The City incorporates its answers to paragraphs 1–107 as if set forth fully herein.

By way of further response, by Court Order, dated June 27, 2023 (ECF No. 38), this Honorable Court dismissed Count II of Plaintiff's SAC.

109.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  By way of further response, by Court Order, dated June 27, 2023 (ECF No. 38), this Honorable Court dismissed Count II of Plaintiff's SAC.

110.    Denied.  The allegations in this paragraph constitute conclusions of law and are, therefore, denied.  By way of further response, by Court Order, dated June 27, 2023 (ECF No. 38), this Honorable Court dismissed Count II of Plaintiff's SAC.

WHEREFORE, the City respectfully requests that this Honorable Court dismiss this action with prejudice and enter judgment in favor of the City, with costs, and such other and further relief as this Honorable Court may deem just and proper.

## DEFENDANT, THE CITY OF PHILADELPHIA'S AFFIRMATIVE DEFENSES

The City states the following Affirmative Defenses, but does not assume the burden of proof on any such defenses, except as required by applicable law.  The City reserves the right to assert other defenses and/or otherwise supplement its Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

1.      This Court does not have subject matter jurisdiction over Plaintiff's claims or those of any putative class member.

2.      Plaintiff's claims are barred due to her failure to exhaust her administrative remedies.

3.      Plaintiff's Second Amended Class-Action Complaint ("SAC") fails to state a claim, in whole or in part, upon which relief may be granted.

4.      Plaintiff lacks standing to sue the City and/or to seek relief from it.

5.      Plaintiff lacks standing to pursue injunctive and/or equitable relief against the City.

6. Plaintiff is not entitled to equitable or injunctive relief as a matter of law.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or by the doctrine of laches.

8. Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

9. Plaintiff's claims are barred in whole or in part by accord and satisfaction, payment, and/or offset.

10. Plaintiff has not suffered any damages.

11. Plaintiff was not denied due process during her hearing before the Bureau of Administrative Adjudication ("BAA").

12. Plaintiff has not and cannot establish any liability by the City pursuant to Monell v. Dep't of Social Servs. New York City, 98 S. Ct. 2018 (1978).

13. Plaintiff cannot maintain a claim against any "one or more employees of the City of Philadelphia responsible for adjudicating liability on parking tickets or demanding payment for parking tickets in connection with impounded vehicles" (SAC at ¶ 12) pursuant to prior orders of this Court.

14. To the extent that Plaintiff or the putative class suffered any damages, the existence of which the City denies, they are a consequence of Plaintiff's or the putative class members' own actions and/or omissions and/or they have failed to mitigate those damages.

15. To the extent that Plaintiff suffered any injury or incurred any damages, which is denied, then said injury and/or damages were caused by others who are not in the City's control.

16. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

17.     Plaintiff and the putative class are barred from recovery to the extent discovery reveals grounds for equitable estoppel, *res judicata*, unclean hands, and/or fraud.

18.     Plaintiff's class allegations fail as a matter of law because no such class exists in accordance with the applicable federal laws.

19.     Plaintiff and the putative collective action members cannot proceed collectively because they are not similarly situated.

20.     Plaintiff and the putative collective action members cannot proceed collectively because there are no questions of law or fact common to the putative class.

21.     No questions of law or fact common to the putative class predominate over any questions affecting only individual members of the putative class.

22.     Plaintiff does not, and cannot, fairly or adequately protect the interests of any putative class.

23.     Plaintiff's claims and those of the putative class members are barred by the doctrine of law of the case.

24.     Plaintiff is not entitled to attorneys' fees or costs.

25.     The City complied with all of its legal obligations to Plaintiff.

26.     The City has, at all times, acted in good faith and has had reasonable grounds for believing that its practices complied with applicable law.

27.     The City has not violated any of Plaintiff's or any of the putative class members' established rights under the Constitution, laws of the United States, laws of any political subdivision, or any act of Congress providing for the protection of civil rights.

The City expressly reserves the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer and Affirmative Defenses

upon revelation of more definitive facts by Plaintiff and/or upon the City's undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional Affirmative Defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, the City respectfully requests that this Honorable Court dismiss this action with prejudice and enter judgment in favor of the City, with costs, and such other and further relief as this Honorable Court may deem just and proper.

Dated:  July 11, 2023                                    Respectfully submitted by:

*/s/ Jerry R. DeSiderato*
Jerry R. DeSiderato, Esquire (Id. No. 201097)
Jenna M. Coyle, Esquire (Id. No. 322416)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Fax: (215) 754-4603
jdesiderato@dilworthlaw.com
jcoyle@dilworthlaw.com

*Counsel for The City of Philadelphia*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **DOLLY E. FEREBEE,** for herself and others similarly situated, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. 2:22-01155-KBH |
| | : |
| v. | : |
| | : |
| **NYCOLE MACKLIN; SCOTT A. PETRI, II; DENNIS G. WELDON, JR; PHILADELPHIA PARKING AUTHORITY; MICHAEL GIUNTA; CITY OF PHILADELPHIA; JOHN DOE NO. 1; JOHN DOE NO. 2; & OMIKA BARNES,** | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

---

## CERTIFICATE OF SERVICE

I, Jerry R. DeSiderato, Esquire, do certify that the foregoing, Defendant, the City of Philadelphia's Answer and Affirmative Defenses in Response to Plaintiff's Second Amended Class-Action Complaint was filed electronically via the Court's Electronic Filing System on the date set forth below and, therefore, made available to all counsel of record.

Dated:  July 11, 2023

Respectfully submitted by:

*/s/ Jerry R. DeSiderato*
Jerry R. DeSiderato, Esquire (Id. No. 201097)
Jenna M. Coyle, Esquire (Id. No. 322416)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Fax: (215) 754-4603
jdesiderato@dilworthlaw.com
jcoyle@dilworthlaw.com

*Counsel for The City of Philadelphia*