UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE,**  Plaintiff,  v.,  **NYCOLE MACKLIN,** et al.,  Defendants. | Civil Action No. 22-1155 |

## Order

Upon consideration of the plaintiff's motion to reconsider the dismissal of count II of the plaintiff's second amended complaint, it is ordered that the motion is granted, and count II of the compliant is reinstated.

BY THE COURT:

_____
HODGE, KELLEY B., J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE,** | Civil Action No. 22-1155 |
| Plaintiff, | |
| v., | |
| **NYCOLE MACKLIN,** et al., | |
| Defendants. | |

**Plaintiff's Motion and Memorandum of Law to Reconsider Order
Dismissing Count II of the Second Amended Complaint for Declaratory Relief.**

## Introduction

The Philadelphia Parking Authority ("PPA") conditioned the release of Ms. Ferebee's vehicle on the payment of tickets issued to vehicles that were not impounded but which the PPA attributed to Ms. Ferebee's ownership. The Bureau of Administrative Adjudication ("BAA") conducted an administrative hearing that by all appearances found Ms. Ferebee owned all of the vehicles for which the PPA sought payment. Nevertheless, this court concludes that Ms. Ferebee lacks standing to challenge Philadelphia Code § 12-2406(2) based on the view that Ms. Ferebee was not the owner of the vehicles for which the PPA sought payment. Ms. Ferebee suggests that the court's determination is mistaken because the court did not analyze whether it is bound to the hearing officer's apparent factual determination of ownership based on principles of *res judicata*.

## Background

On February 12, 2020, the PPA impounded Ms. Ferebee's 2010 Dodge Grand Caravan (the "Vehicle") for nonpayment of parking tickets. When Ms. Ferebee went to retrieve the Vehicle, the PPA asked her to pay $3,705 on account of five tickets issued against the impounded Vehicle along with a series of other tickets issued against other vehicles. Ms. Ferebee denied owning the other vehicles and objected to paying for the tickets issued to them. On February 13, 2020, Ms. Ferebee

attended a hearing at the BAA in which she expressed her objection to paying tickets for vehicles she did not own. At the hearing, Ms. Ferebee argued that the PPA had mistaken her identity for that of her mother with whom she shared the same name and that the tickets issued to other vehicles were all owned by her mother.

The hearing officer heard Ms. Ferebee's testimony and saw the documentation she presented. As far as Mr. Ferebee can discern from the recording of the hearing, the hearing officer rejected Ms. Ferebee's position that she did not own the other vehicles. Before the hearing officer would believe that the non-impounded vehicles belonged to someone else, the hearing officer wanted Ms. Ferebee to obtain some sort of corroborating evidence from the Pennsylvania Department of Transportation.

Ms. Ferebee does not have the hearing officer's actual decision to know for certain what the hearing officer ruled, but it is a fair interpretation of the recording of the hearing, viewed in favor of Mr. Ferebee, that the hearing officer decided that all of the ticketed vehicles belonged to the plaintiff.

Ms. Ferebee has proceeded in this case as though she was bound by the hearing officer's factual determination of ownership. Ms. Ferebee has never challenged the implicit factual determination of the hearing officer that she owned all of the ticketed cars. Ms. Ferebee has instead proceeded on other grounds that do not contradict the hearing officer's implicit ruling. Ms. Ferebee attacks the BAA for not knowing that the PPA files petitions to sell vehicles under General Court Regulation 96-1, 26 Pa. B. 2489 ("GCR 96-1). Under GCR 96-1, Ms. Ferebee was entitled to the release of her Vehicle only for payment of the tickets issued on the Vehicle, without regard to whether she owed tickets on other vehicles. Along the same lines, Ms. Ferebee's challenge to Philadelphia Code § 12-2406(2) is premised on the binding effect of the hearing officer's apparent factual determination that Ms. Ferebee owned all of the ticketed vehicles. Ms. Ferebee calls it the "apparent" factual determination because the PPA has refused to release the hearing officer's actual decision. In the

absence of its release, the inference should be that the hearing officer ruled that Ms. Ferebee was the owner of all of the ticketed vehicles.

## Argument

**I. STANDARD OF REVIEW.**

Motions for reconsideration are granted sparingly to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007). The motion may address factual and legal matters the court has overlooked but not ask a court to rethink an issue that was decided, rightly or wrongly. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

In this instance, Ms. Ferebee is asking the court to reconsider its decision on standing because the court did not address whether it is bound by the hearing officer's implicit factual finding that Ms. Ferebee was the owner of all of the ticketed cars.

**II.   THE COURT IS BOUND BY THE BAA'S RULING THAT MS. FEREFEE OWNED ALL OF THE TICKETED CARS.**

Issue preclusion applies to determinations made by administrative tribunals. *Jones v. UPS*, 214 F.3d 402, 405-06 (3rd Cir. 2000). Issue preclusion applies where (1) an identical issue was previously decided; (2) in a prior action that resulted in a final judgment; (3) asserted against a person who was a party to the proceeding; who (4) had a full and fair opportunity to litigate the matter. *Id.* These elements are satisfied in the present case.

The BAA hearing officer appears to have ruled that Ms. Ferebee was the owner of all of the ticketed cars. Maybe new information will be uncovered in discovery that says otherwise, but for now the correct inference is that the hearing officer ruled that Ms. Ferebee owned all of the ticketed vehicles. The issue of ownership of the ticketed vehicles is identical to the issue this court relied on to determine a lack of standing, except that this court reached the opposite conclusion. The prior action

resulted in a final judgment. The hearing officer's ruling on ownership was not appealed and became final. Although the PPA declined to appear at the hearing, the PPA was a participant in the hearing in as much as it was Ms. Ferebee's liability to the PPA that was at issue. The PPA could have appeared if it wished or the hearing officer could have ordered the PPA to appear. *See* Phila. Code § 12-2807. Within the context of the administrative hearing procedure, the PPA had a full and fair opportunity to litigate the issue, but the PPA voluntarily chose not to appear. *See also Parsons v. Phila. Parking Auth.,* No. 1899 C.D. 2010, slip op. at 5-7 (Pa. Commw. Ct. 2011) (car owner could not dispute BAA ruling that was not appealed).

The PPA demanded $3,705 from Ms. Ferebee on account of all of the vehicles in its records owned by Dolly Ferebee. The PPA made this demand pursuant to Philadelphia Code § 12-2406(2). If Ms. Ferebee had paid the money, the PPA would have returned the Vehicle. The hearing officer rejected Ms. Ferebee's testimony that she did not own the other vehicles. Ms. Ferebee was directly affected by the application of § 12-2406(2) to her case within the meaning of the Declaratory Judgment Act. Ms. Ferebee was affected by the application of § 12-2406(2) to her case even if the ordinance was applied erroneously.

**Conclusion**

For these reasons, Ms. Ferebee requests for the court to reconsider its order dismissing count II from the plaintiff's second amended complaint together with any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com

**Certificate of Services**

I, Robert F. Salvin, certify that the foregoing document will be served on opposing parties through the court's ECF system, or I will serve it by regular mail, postage prepaid at the listed address of defendants' counsel.

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com