# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE,** for herself and others similarly situated, | : : : |
| Plaintiffs, | : Civil Action No. 2:22-01155-KBH : |
| v. | : : |
| **NYCOLE MACKLIN; SCOTT A. PETRI, II; DENNIS G. WELDON, JR; PHILADELPHIA PARKING AUTHORITY; MICHAEL GIUNTA; CITY OF PHILADELPHIA; JOHN DOE NO. 1; JOHN DOE NO. 2; & OMIKA BARNES,** | : : : : : : : |
| Defendants. | : |

**DEFENDANT, THE CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION AND MEMORANDUM OF LAW TO RECONSIDER ORDER DISMISSING COUNT II OF THE SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF"**

Dated: July 25, 2023

Jerry R. DeSiderato, Esquire (Id. No. 201097)
Jenna M. Coyle, Esquire (Id. No. 322416)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Fax: (215) 754-4603
jdesiderato@dilworthlaw.com
jcoyle@dilworthlaw.com
*Counsel for The City of Philadelphia*

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1
II.  ARGUMENT ................................................................................................................. 1
     A.   Plaintiff Fails to Establish the Requisite Elements for Reconsideration ...................... 1
     B.   Plaintiff Fails to Establish the Requite Elements of Issue Preclusion .......................... 3
     C.   Independent Bases Warrant Dismissal of Plaintiff's Declaratory Judgment Claim ..... 6
III. CONCLUSION .............................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*,
   No. 05-cv-2535, 2012 WL 3279243 (E.D. Pa. Aug. 13, 2012) .................................................2

*County of Berks ex rel. Baldwin v. Pennsylvania La. Rel. Bd.*,
   678 A.2d 355 (Pa. 1996) ...........................................................................................................4

*Blystone v. Horn*,
   664 F.3d 397 (3d Cir. 2011)......................................................................................................1

*Brown v. Tucci*,
   960 F. Supp. 2d 544 (W.D. Pa. 2013).......................................................................................4

*Conway v. A.I. duPont Hosp. for Children*,
   No. 04-cv-4862, 2009 WL 1492178 (E.D. Pa. May 26, 2009).............................................1, 3

*Dici v. Com. of Pa.*,
   91 F.3d 542 (3d Cir. 1996)........................................................................................................4

*Ferebee v. Macklin*,
   No 22-1155, 2022 WL 16722317 (E.D. Pa. Nov. 4, 2022) ......................................................6

*Greenway Ctr., Inc. v. Essex Ins. Co.*,
   475 F.3d 139 (3d Cir. 2007)......................................................................................................4

*Gregory v. Chehi*,
   843 F.2d 111 (3d Cir. 1988)......................................................................................................4

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*,
   602 F.3d 237 (3d Cir. 2010)......................................................................................................1

*Johnson v. BB&T Corp.*,
   No. 17-cv-4490, 2018 WL 1518618 (E.D. Pa. Mar. 28, 2018) ................................................1

*Kauffman v. Moss*,
   420 F.2d 1270 (3d Cir. 1970)....................................................................................................4

*Lazardis v. Wehmer*,
   591 F .3d 666 (3d Cir. 2010).....................................................................................................2

*Mclaughlin v. Fisher*,
   277 F. App'x 207 (3d Cir. 2008) ..............................................................................................3

*McNeal v. Arcelormittal USA, Inc.*,
   No. 15-cv-3517, 2015 WL 9489590 (E.D. Pa. Dec. 29, 2015)..............................................1, 3

*O'Brien v. Amtrak*,
   163 F.R.D. 232 (E.D. Pa. 1995)...........................................................................................1

*Prop. Mgt. Group, Ltd. v. City of Phila.*,
   No. 17-1260, 2017 WL 2242869 (E.D. Pa. May 23, 2017).........................................................6

*Quinn v. Cintron*,
   No. 11-cv-2471, 2013 WL 5842554 (E.D. Pa. Oct. 31, 2013), *aff'd*, 629 F.
   App'x 397 (3d Cir. 2015)...................................................................................................2

*Schutter v. Herskowitz*,
   No. 07-cv-3823, 2008 WL 3911050 (E.D. Pa. Aug. 22, 2008) .................................................3

*Teri Woods Pub., L.L.C. v. Williams*,
   No. 12-cv-4854, 2013 WL 6388560 (E.D. Pa. Dec. 6, 2013)....................................................3

*U.S. Bank, Nat. Ass'n v. First Am. Title Ins. Co.*,
   944 F. Supp. 2d 386 (E.D. Pa. 2013) *aff'd sub nom.*, *U.S. Bank Nat. Ass'n v.
   First Am. Title Ins. Corp.*, 570 F. App'x 209 (3d Cir. 2014) .................................................4, 5

*United States v. Dupree*,
   617 F.3d 724 (3d Cir. 2010)................................................................................................2

**Statutes**

Philadelphia Traffic Code § 12-2406(2) ...........................................................................................6

## I. INTRODUCTION

Defendant, the City of Philadelphia (the "City") responds in opposition to Plaintiff's "Motion and Memorandum of Law to Reconsider Order Dismissing Count II of the Second Amended Complaint for Declaratory Relief" (ECF Doc. No. 40). As will be explained more fully below, first, Plaintiff fails to satisfy her substantial burden of establishing that reconsideration of the Court's dismissal of the declaratory judgment claim is warranted. Second, Plaintiff fails to establish the requisite elements of issue preclusion. Third and finally, independent bases, beyond Plaintiff's lack of standing, support dismissal of her declaratory judgment claim.

For all of these reasons, the City respectfully requests that this Honorable Court deny Plaintiff's motion for reconsideration.

## II. ARGUMENT

### A. **Plaintiff Fails to Establish the Requisite Elements for Reconsideration**

As stated by this Court, reconsideration is not intended to give a defeated party the opportunity to "re-argue the issue." *O'Brien v. Amtrak*, 163 F.R.D. 232, 234 (E.D. Pa. 1995). The Third Circuit has repeatedly explained that the "scope of a motion for reconsideration . . . is extremely limited [and] [s]uch motions are not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). This Court and all other federal courts are strongly averse to motions for reconsideration because such motions threaten the judiciary's "interests in finality and conservation of scarce judicial resources." *Johnson v. BB&T Corp.*, No. 17-cv-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018). To protect the credibility of the judiciary, there is a "strong presumption that a prior order shall not be disturbed." *McNeal v. Arcelormittal USA, Inc.*, No. 15-cv-3517, 2015 WL 9489590, at *3 (E.D. Pa. Dec. 29, 2015) (collecting cases); *Conway v. A.I. duPont Hosp. for Children*, No. 04-cv-4862, 2009 WL 1492178,

at *2 (E.D. Pa. May 26, 2009) (holding that a motion for reconsideration is an "extraordinary remedy" and should be granted "sparingly." (citations omitted)).

A party seeking reconsideration of a prior order bears a "substantial burden." |*Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-cv-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012). Motions for reconsideration are only granted for "compelling reasons." |*United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). Thus, "the moving party's 'mere disagreement' with the [c]ourt's decision is not grounds for reconsideration." |*Quinn v. Cintron*, No. 11-cv-2471, 2013 WL 5842554, *1 (E.D. Pa. Oct. 31, 2013), *aff'd*, 629 F. App'x 397 (3d Cir. 2015) (citation omitted).

In order to overcome the substantial burden of demonstrating that reconsideration of a prior order is warranted, a party seeking reconsideration must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazardis v. Wehmer*, 591 F .3d 666, 669 (3d Cir. 2010).

Here, Plaintiff requests reconsideration of the Court's dismissal of her declaratory judgment claim "because the court did not address whether it is bound by the hearing officer's implicit factual finding that [Plaintiff] was the owner of all of the ticketed cars." (Plaintiff's Motion for Reconsideration at ECF p. 4). Assuming that Plaintiff is asking the Court to correct a purported clear error of fact, Plaintiff's requests for both reconsideration and for application of issue preclusion, which will be discussed more fully below, fall woefully short of the meeting her requisite, "substantial burden" to warrant reconsideration. *Chambers*, 2012 WL 3279243, at *7. In issuing its June 27, 2023 Memorandum and Order, the Court properly considered all of the facts before it in dismissing Plaintiff's declaratory judgment claim. Plaintiff has not established a

compelling reason to overcome the "strong presumption" against disturbing the Court's prior Order. *McNeal*, 2015 WL 9489590, at *3.

Finally, to the extent that the Court construes Plaintiffs' request as one to prevent a purported manifest injustice, Plaintiff's motion, again, fails to satisfy her burden of proof, which "is a **high one**." *Conway*, 2009 WL 1492178, at *7 (emphasis added); *see also Schutter v. Herskowitz*, No. 07-cv-3823, 2008 WL 3911050, at *4 (E.D. Pa. Aug. 22, 2008) (characterizing motions for reconsideration on the basis of manifest injustice as a "difficult standard" and "high burden"). For Plaintiff to meet this standard, she must "establish the sort of direct, obvious, and observable error that the term manifest injustice evokes." *Teri Woods Pub., L.L.C. v. Williams*, No. 12-cv-4854, 2013 WL 6388560, at *3 (E.D. Pa. Dec. 6, 2013) (citation omitted). Indeed, "reconsideration based on manifest injustice requires that the error be apparent to the point of being indisputable." *Id.* However, nothing in Plaintiff's motion rises to this level of apparent, obvious error.

Because Plaintiff's request for reconsideration fails to satisfy her requisite, substantial burden of proof, the City respectfully requests that that Court deny her request for same.

### B. Plaintiff Fails to Establish the Requite Elements of Issue Preclusion

Likewise, Plaintiff has not met her burden of establishing any of the four requisite elements of issue preclusion. Issue preclusion applies only when all four of the following requirements are satisfied: "(1) the issue determined in the prior action is identical to the one in a subsequent action, (2) the previous judgment is final on the merits, (3) the party against whom the defense is invoked is identical to or in privity with the party in the first action, and (4) the party against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior action." *Mclaughlin v. Fisher*, 277 F. App'x 207, 215 (3d Cir. 2008).

Notably, as for the requisite burden of proof, "[t]he party asserting issue preclusion . . . bear[s] the burden of proving its applicability to the case at hand." *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 147 (3d Cir. 2007). A party attempting to invoke the doctrine of "issue preclusion must establish that the relevant factual or legal issue was 'actually litigated and determined by a valid and final judgment.'" *Brown v. Tucci*, 960 F. Supp. 2d 544, 573 (W.D. Pa. 2013) (quoting *County of Berks ex rel. Baldwin v. Pennsylvania La. Rel. Bd.*, 678 A.2d 355, 359 (Pa. 1996)).

The Third Circuit has *repeatedly* admonished that "[r]easonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel." *Dici v. Com. of Pa.*, 91 F.3d 542, 551 (3d Cir. 1996) (citing *Gregory v. Chehi*, 843 F.2d 111, 121 (3d Cir. 1988) and *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970)). Any "uncertainties with respect to what was litigated, decided, and essential to the [prior tribunal's] judgments" should be "guided by the Third Circuit's counsel" and "resolved against using it as an estoppel." *U.S. Bank, Nat. Ass'n v. First Am. Title Ins. Co.*, 944 F. Supp. 2d 386, 397 (E.D. Pa. 2013) (quoting *Kauffman*, 420 F.2d at 1274), *aff'd sub nom. U.S. Bank Nat. Ass'n v. First Am. Title Ins. Corp.*, 570 F. App'x 209 (3d Cir. 2014). A district court within this Circuit has explained:

> A "fundamental question with regard to issue preclusion is whether the issue has been *actually decided* by a court in a prior action." *R & J Holding Co.,* 670 F.3d at 429 (citing *McNeil v. Owens–Corning Fiberglas Corp.,* 545 Pa. 209, 680 A.2d 1145, 1147–48 (1996)). "When an issue of fact or of law is *actually litigated* and determined by a valid final judgment, and determination of the issue was *essential to judgment,* the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim." *McNeil,* 680 A.2d at 1147–48 (emphases added). Here, there is clearly a question as to whether certain issues were actually litigated in the prior state court proceedings, and furthermore, whether the issues were actually decided and essential to the judgment. In matters concerning issue preclusion, the Supreme Court of Pennsylvania has adopted section 27 of the

> Restatement (Second) of Judgments, and turns to its comments for guidance when deciding whether to apply the doctrine to a subsequent action. *See Pa. State Univ. v. Cnty. of Centre,* 532 Pa. 142, 615 A.2d 303, 306–07 (1992). Accordingly, I will do the same.
>
> "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated...." Restatement (Second) of Judgments § 27 cmt. d. Comment e to section 27 states, "A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action." Restatement (Second) of Judgments § 27 cmt. e.

*U.S. Bank*, 944 F. Supp. 2d at 394 (emphasis in original), *aff'd,* 570 F. App'x 209 (3d Cir. 2014).

Here, Plaintiff is asking this Honorable Court to affirmatively decide issue preclusion based on Plaintiff's assertion that, "[t]he BAA hearing officer *appears to have* ruled that Ms. Ferebee was the owner of all of the ticketed cars." (Plaintiff's Motion for Reconsideration at ECF p. 4). However, based on this uncertain, conditional request, the allegations in Plaintiff's Second Amended Complaint ("SAC"), and the record before the Court, it cannot be said that the BAA hearing officer actually and conclusively determined that Ms. Ferebee was the owner of all of the ticketed cars. Despite this lack of clarity or conclusiveness in the record before the Court, Plaintiff is presently requesting that this Honorable Court impose a judicially binding decision based on Plaintiff's hypothetical supposition of what the administrative officer *may have* decided. Thus, Plaintiff's request falls woefully short of satisfying the first of the two requisite elements inverse for issue preclusion.

Plaintiff's attempts to satisfy the third and fourth elements of issue preclusion are, likewise, marred with the same lack of clarity. Because there is uncertainty and reasonable doubt as to all four elements required for issue preclusion to apply, the City respectfully requests that this Honorable Court follow the Third Circuit's admonishment and deny Plaintiff's request for issue preclusion to apply in this matter.

### C. **Independent Bases Warrant Dismissal of Plaintiff's Declaratory Judgment Claim**

Finally, for the reasons articulated in the City's and Philadelphia Parking Authority's briefs in support of their respective Motions to Dismiss (*See* ECF Doc. Nos. 30-1 at pp. 23–25, 31-1 at pp. 8–9, 34 at pp. 7–8, 35 at p. 2), there are independent legal bases, beyond Plaintiff's lack of standing, for dismissal of Plaintiff's declaratory judgment claim.

In short, the declaratory judgment claim should be dismissed as a matter of law because, despite Plaintiff's arguments to the contrary, Philadelphia Traffic Code § 12-2406(2) is a valid exercise of the City's broad municipal powers and is, therefore, not preempted. *Prop. Mgt. Group, Ltd. v. City of Phila.*, No. 17-1260, 2017 WL 2242869 (E.D. Pa. May 23, 2017). Plaintiff's declaratory judgment claim fails as a matter of law because—as this Honorable Court has already recognized in its summary of the applicable codes—the City's regulation of parking, towing, and police powers are in accordance with the aforementioned statues and regulations. *Ferebee v. Macklin*, No 22-1155, 2022 WL 16722317, at *4–6 (E.D. Pa. Nov. 4, 2022). Therefore, independent legal bases, beyond Plaintiff's lack of standing, support the dismissal of Plaintiff's declaratory judgment claim.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the City respectfully requests that this Honorable Court deny Plaintiff's Motion for Reconsideration.

Dated:  July 25, 2023                            Respectfully submitted by:

*/s/ Jerry R. DeSiderato*
Jerry R. DeSiderato, Esquire (Id. No. 201097)
Jenna M. Coyle, Esquire (Id. No. 322416)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102

123348860-2                                         6

Phone: (215) 575-7000
Fax: (215) 754-4603
jdesiderato@dilworthlaw.com
jcoyle@dilworthlaw.com

*Counsel for The City of Philadelphia*
