## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE, for herself and others similarly situated,**<br>**Plaintiff,**<br><br>**v.**<br><br>**NYCOLE MACKLIN,**<br>**SCOTT A. PETRI, II,**<br>**DENNIS G. WELDON, JR.,**<br>**PHILADEPHIA PARKING AUTHORITY,**<br>**MICHAEL GIUNTA,**<br>**CITY OF PHILADELPHIA,**<br>**JOHN DOE NO. 1,**<br>**JOHN DOE NO. 2, and**<br>**OMIKA BARNES,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br>**NO. 22-1155** |

## O R D E R

**AND NOW**, this 15th day of November, 2023, upon consideration of Plaintiff Dolly E. Ferebee's Motion to Reconsider (ECF No. 40) and the responses thereto (ECF Nos. 41–42),

### PLAINTIFF'S MOTION IS DENIED FOR THE FOLLOWING REASONS:

The Court finds that Plaintiff fails to establish the requisite elements for reconsideration. A party seeking reconsideration of a prior order bears a "substantial burden." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-cv-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012). Further, motions for reconsideration are only granted for "compelling reasons." *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). When seeking reconsideration, a party must show: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Specifically, Plaintiff argues that

the Court should grant her Motion "to correct clear errors of law or fact or prevent manifest injustice." (ECF No. 40 at 4 (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007)).) "[R]econsideration based on manifest injustice requires that the error be apparent to the point of being indisputable." *Teri Woods Pub., L.L.C. v. Williams*, No. 12-cv-4854, 2013 WL 6388560, at *3 (E.D. Pa. Dec. 6, 2013) (citation omitted).

Here, Plaintiff asks the Court to reconsider its decision on whether the plaintiff has standing because the Court did not address whether it is bound by the hearing officer's alleged implicit factual finding that Plaintiff was the owner of all of the ticketed cars based on principles of *res judicata* or issue preclusion. Issue preclusion was Plaintiff's sole basis for seeking reconsideration. As discussed further below, Plaintiff fails to establish the requisite elements for issue preclusion. Thus, the Court finds that this argument raised by Plaintiff does not establish a clear error of law or fact or a manifest injustice. As such, Plaintiff fails to meet her substantial burden of providing compelling reasons to grant the motion for reconsideration.

Issue preclusion applies only when all four of the following requirements are satisfied: "(1) the issue determined in the prior action is identical to the one in a subsequent action, (2) the previous judgment is final on the merits, (3) the party against whom the defense is invoked is identical to or in privity with the party in the first action, and (4) the party against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior action." *Mclaughlin v. Fisher*, 277 F. App'x 207, 215 (3d Cir. 2008) (citations omitted). A party attempting to invoke the doctrine of "issue preclusion must establish that the relevant factual or legal issue was 'actually litigated and determined by a valid and final judgment.'" *Brown v. Tucci*, 960 F. Supp. 2d 544, 573 (W.D. Pa. 2013) (quoting *Cnty. of Berks ex rel. Baldwin v. Pa. La. Rel. Bd.*, 678 A.2d 355,

359 (Pa. 1996)). Any "uncertainties with respect to what was litigated, decided, and essential to the [prior tribunal's] judgments" should be "guided by the Third Circuit's counsel" and "'resolved against using it as an estoppel.'" *U.S. Bank, Nat. Ass'n v. First Am. Title Ins. Co.*, 944 F. Supp. 2d 386, 397 (E.D. Pa. 2013) (quoting *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970)), aff'd sub nom. *U.S. Bank Nat. Ass'n v. First Am. Title Ins. Corp.*, 570 F. App'x 209 (3d Cir. 2014).

As stated above, Plaintiff asks the Court to reconsider its decision on standing because the Court did not address whether it is bound by the hearing officer's alleged implicit factual finding that Plaintiff was the owner of all of the ticketed cars based on principles of *res judicata*. However, Plaintiff has only provided the Court with speculation as to whether the BAA hearing officer actually and conclusively determined that Plaintiff was the owner of all of the ticketed cars. The Court cannot, and will not, rely on suggestions, conjecture, or inferences to determine whether the BAA hearing officer made an actual decision. The Court's determination in this regard is bolstered by Plaintiff's language while discussing the "decision," including "apparent," "fair interpretation," "implicit," and "appears to." (*See generally* ECF No. 40.) As such, the Court finds that Plaintiff cannot satisfy the first requisite element of issue preclusion because there is a dispute as to whether there was an actual determination. Accordingly, Plaintiff fails to establish all four of the requisite elements for issue preclusion.

As an alternative argument in the City's Response in Opposition to Plaintiff's Motion, Defendants maintain that their arguments in the motion to dismiss briefing remain independent legal bases to support the dismissal of Plaintiff's declaratory judgment claim; the Court need not reach the analysis of these independent legal bases because Plaintiff did not move on the issue and failed to meet her legal burden for the Motion to Reconsider as issue preclusion was Plaintiff's sole basis for seeking reconsideration. However, if the Court were to analyze Defendants'

argument that Philadelphia Traffic Code Section 12-2406(2) is a valid exercise of the City's municipal powers, the Court would be strongly persuaded.[1]

**THEREFORE, IT IS ORDERED THAT:**

1.      For the reasons set forth above, Plaintiff's Motion (ECF No. 40) is **DENIED**.

2.      Plaintiff may file an Amended Complaint as to Count II only on or before **December 1, 2023**.[2]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

_____

**HODGE, KELLEY B., J.**

---

[1] Section 6109(g)(5) of the Pennsylvania Vehicle Code expressly authorizes the City and PPA to issue parking violation notices, tow and impound vehicles, and collect fines and fees in order to ensure compliance with its laws regarding stopping, standing, and parking. *See* 75 Pa. Stat. and Cons. Stat. Ann. § 6109(g)(5) (defining "enforce"). Despite Plaintiff's characterization that Philadelphia Code Section 12-2406(2) operates in practice as a lien on non-impounded vehicles or that the ordinance's requirements for return of an impounded vehicle are not "expressly authorized," the ordinance at its core involves the City's ability to collect unpaid money due to the City and encourage compliance with its parking regulations.

[2] In this Court's memorandum and order dated June 27, 2023, Count II was dismissed without prejudice.