UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLLY E. FEREBEE,** | Civil Action No. 22-1155-KBH |
| Plaintiff, | |
| v., | |
| **NYCOLE MACKLIN,** et al., | |
| Defendants. | |

**Dolly Ferebee's Sur-Reply in Opposition to
the City of Philadelphia's Motions To
Dismiss Count II of the Third Amended Complaint**

## I. THE CITY CONCEDES THAT PHILADELPHIA CODE SECTION 12-1406 IS UNCONSTITUTIONAL.

The City's arguments in its reply brief do not hold weight. The City's primary defense of Philadelphia Code section 12-2406 is to assert that the ordinance does not prevent a hearing officer from determining the amount of a car owner's debt in an expedited post deprivation hearing. That argument is, one, a concession that the limited scope of the hearing is unconstitutional, and, two, not an accurate reading of the ordinance.

The amount a car owner has to pay to retrieve their vehicle is not within the scope of an expedited post deprivation hearing under Philadelphia Code Section 12-2406(1)(a).

The ordinance states:

> [t]he issue to be determined at such hearing *shall* be whether reasonable cause exists to believe that the vehicle

1

**Exhibit "A"**

> immobilized or impounded was in violation of the traffic ordinances and laws of the City of Philadelphia or of the Commonwealth of Pennsylvania, and that the towing or booting of such vehicle was authorized by law.

Philadelphia Code § 12-2406(1)(a) (emphasis added). This language limits the scope of the expedited hearing to whether there was probable cause for the impoundment and excludes a determination of the amount of the debt. This interpretation of the ordinance is bolstered by section 12-2406(4), which states:

> The owner … may waive the right to an expedited hearing as set forth in subsection (1) or immediate release of the vehicle as set forth in subsections (2) ***and (3)*** and await a hearing *in due course* on the underlying parking violations according to the regular procedures of Chapter 12-2800.

Philadelphia Code § 12-2406(4) (emphasis added). This section corroborates that a hearing on the merits is only available if the car owner waives the right to an expedited post deprivation hearing. In fact, car owners who want a hearing on the merits also must waive the right to the return of their cars under subsection (3), which is the subsection that allows for immediate release of a vehicle upon posting a bond. Hearings scheduled in "due course" take four to six weeks. Exhibit P-11 at 2.

The City suggests that car owners have the right to post a bond in less than the full amount of their alleged liability, but that is not true. Section 12-2406(3) says the bond has to be "*equal to the amount* of the unpaid parking tickets issued to any and all vehicles registered in the name of the owner of the vehicle that is to be recovered, booting and/or towing fee and accrued storage fees."

**Exhibit "A"**

Philadelphia Code § 12-2406(3) (emphasis added). The bond has to be in the full amount of a car owner's potential liability, and car owners do not even have a right to a hearing on the amount of the bond.

## Conclusion

For the foregoing reasons, plaintiff requests for the court to deny the City's motion to dismiss Count II of plaintiff's third amended complaint together with any additional or alternative relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com

3

**Exhibit "A"**

## Certificate of Services

      I, Robert F. Salvin, certify that the foregoing document will be served on opposing parties through the court's ECF system, or I will serve it by regular mail, postage prepaid at the listed address of defendants' counsel.

 

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com



| TICKETS | ABOUT | AIRPORT | GARAGES/LOTS | TAXI & LIMO | PARKING | AUCTIONS |

SPEED & RED LIGHT CAMERAS

# DISPUTE A PARKING TICKET

Home / Dispute a Parking Ticket



## Dispute a Parking Ticket

The City of Philadelphia's Office of the Chief Administrative Officer oversees the Bureau of Administrative Adjudication (BAA).   Once a parking violation is issued, the BAA is the only agency able to determine liability. If you would like to dispute a parking violation you believe was issued in error, there are multiple options for disputing it. Please see below for additional information.

**Customer Alert: In-person hearings at BAA are available for booted/towed vehicles only.**

### Dispute a Parking Violation Online



Please click below to dispute a parking violation online.

**DISPUTE VIOLATION ONLINE**

### Dispute Parking Violation Via Mail



Submit your written testimony and any evidence you would like to have a hearing officer consider in your case and mail to:

Bureau of Administrative Adjudication
913 Filbert Street
Philadelphia, PA 19107

### Booted or Towed Vehicles



If your vehicle is booted or towed and you wish to have a hearing, you must go to the Bureau of Administrative Adjudication at 913 Filbert St., Monday-Friday. Expedited hearings to discuss arrangements for the release of your vehicle begin at 8:30 AM. As wait times may be longer than anticipated and the number of cases seen daily will vary in order to ensure the proper safety of the public and our staff, we ask that you arrive as early as possible to secure a position in line.

Exhibit P-11                                             001

**ADDITIONAL INFORMATION**

## Ticket Dispute Frequently Asked Questions

| | |
|---|---|
| **WHAT IS THE BUREAU OF ADMINISTRATIVE ADJUDICATION?** + | |
| **HOW DO I DISPUTE A PARKING TICKET?** + | |
| **MY VEHICLE HAS BEEN BOOTED OR TOWED. HOW DO I DISPUTE THE PARKING VIOLATIONS AND ASSOCIATED FEES?** + | |
| **DO I HAVE TO PAY MY TICKET FIRST AND THEN ASK FOR A HEARING?** + | |
| **WHEN I DISPUTE BY MAIL OR ONLINE, WHEN WILL MY HEARING OCCUR?** − | |

Mailed in and online hearings usually take 4 – 6 weeks from receipt of your submission. This is ultimately dependent upon the volume of mailed in and online hearing requests being received at a particular time.

**IS THERE ANY FILING FEE FOR A HEARING?** +

**DO I NEED A LAWYER?** +

---

**IF I DISAGREE WITH THE SECOND DECISION, WHAT RECOURSE DO I HAVE FOR FURTHER APPEAL?** +

**I PAID MY TICKET BUT I'M STILL GETTING NOTICES. WHAT'S GOING ON HERE?** +

**MY VEHICLE BROKE DOWN. IS THAT A VALID EXCUSE?** +

**THE VEHICLE OWNER IS DECEASED. WHAT HAPPENS WITH THOSE TICKETS?** +

**IF MY VEHICLE/TAG WAS STOLEN WHEN A TICKET WAS ISSUED, AM I RESPONSIBLE?** +

**I HAD A MEDICAL EMERGENCY. IS THAT A VALID EXCUSE?** +

---

**WHO CAN REPRESENT THE REGISTERED OWNER IN A HEARING?** +

**WHAT HAPPENS TO MY TICKET WHILE MY HEARING IS PENDING?** +

**WHO WILL HEAR MY CASE?** +

**CAN'T THE HEARING EXAMINER LOOK UP THE CITY'S OWN RECORDS?** +

**IS THERE A TIME LIMIT TO DISPUTE A TICKET?** +

**WHAT ARE THE LATE PENALTIES?** +

**WHAT IF I DON'T AGREE WITH THE DECISION THE HEARING EXAMINER MADE IN MY DISPUTE?** −

Your appeal options are explained in the decision letter you receive from the Bureau of Administrative Adjudication. If you choose to appeal the original decision, your appeal hearing will be heard by a hearing examiner from the appeal panel. Additionally, it will not be the same hearing examiner that conducted your initial hearing.
.

---



To contact us by department, please visit our:

**CONTACT PAGE**

ABOUT   |   AIRPORTS   |   GARAGES   |   TAXI & LIMO   |   PARKING   |   AUCTIONS   |   VIOLATIONS   |   PPA BLOG   |   PUBLIC ALERTS

**GA4**

© 2023 The Philadelphia Parking Authority.   **Privacy Policy**.